Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

<del>Gulfport</del> Division

Southern



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

APR 17 2026

ARTHUR JOHNSTON
BY_____ DEPUTY

Max Parker Ste. Marie

*Max Ste. Marie*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.    1:26cv118 HSO-RPM

*(to be filled in by the Clerk's Office)*

#### Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

–v–

Jackson County MS
See attached

#### Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Max Parker Ste. Marie |
| All other names by which you have been known: | NA |
| ID Number | DOC#258802 |
| Current Institution | George/Greene County Correctional Facility Housing Unit:Zone C I |
| Address | 154 Industrial Park Road |
| | Lucedale *(City)*     MS *(State)*     39452 *(Zip Code)* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jackson County, Mississippi |
| Job or Title *(if known)* | Board of Supervisors and Sheriff's Office |
| Shield Number | |
| Employer | |
| Address | Pascagoula, Mississippi 39567 |
| | Pascagoula *(City)*     MS *(State)*     39567 *(Zip Code)* |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Jamie Peoples |
| Job or Title *(if known)* | Youth Court Administrator |
| Shield Number | |
| Employer | Jackson County Youth Court |
| Address | 4903 Telephone Road |
| | Pascagoula *(City)*     MS *(State)*     39567 *(Zip Code)* |

☑ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Ashley Thompson |
| Job or Title *(if known)* | Youth Services Counselor |
| Shield Number | |
| Employer | Mississippi Department of Human Services / Department of Youth |
| Address | 4903 Telephone Road |

| Pascagoula | MS | 39567 |
|---|---|---|
| *City* | *State* | *Zip Code* |

[✔] Individual capacity     [ ] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | See attached additional defendant information |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

[ ] Individual capacity     [ ] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff alleges violations of his federally protected constitutional rights, including:

The right to be free from punitive and unconstitutional conditions of confinement, including prolonged isolation, deprivation of basic human needs, and deliberate indifference to health and safety, as guaranteed by the Eighth Amendment to the United States Constitution. *See attached for additional violations*

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendants acted under color of state law through their roles in the operation, administration, supervision, and oversight of juvenile detention, youth court proceedings, custodial decisions, and related actions, as further described in the attached Statement of Claim, which is incorporated by reference in its entirety.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐      Pretrial detainee

☐      Civilly committed detainee

☐      Immigration detainee

☑      Convicted and sentenced state prisoner

☐      Convicted and sentenced federal prisoner

☑      Other *(explain)*        Events occurred while Plaintiff was a juvenile in Youth Court custody; Plaintiff was su

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Unlawful acts occurred during Youth Court and Circuit Court proceedings, including misuse of confidential juvenile records, retaliatory actions, and improper custodial decisions, as described in the attached Statement of Claim.

B.      If the events giving rise to your claim arose in an institution, describe where and when they arose.

Jackson County Youth Detention Facility:
July – November 2022
August – September 2023

Jackson County Adult Detention Center:    Sept - Oct. 2023

C.    What date and approximate time did the events giving rise to your claim(s) occur?
July 2022 through October 2023, occurring daily and continuously during confinement, with continuing effects thereafter.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
See attached Statement of Claim and Factual Allegations.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.
As a result of Defendants' actions and omissions, Plaintiff suffered physical pain, psychological trauma, emotional distress, chronic insomnia, untreated migraines, gastrointestinal distress, cuts and bruises without medical care, and a laceration to the hand requiring hospital transport for stitches, as further described in the attached Statement of Claim.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff requests:

Compensatory damages in the amount of $1,500,000.00 for physical pain and suffering, psychological injury, emotional distress, loss of liberty and dignity, educational deprivation, loss of life opportunities, and future medical and therapeutic care; and

Punitive damages in the amount of $1,500,000.00 against individual defendants for malicious, reckless, and consciously deliberate indifferent conduct undertaken with knowledge of a substantial risk of serious harm to a juvenile in custody.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Jackson County Juvenile Detention Facility
Jackson County Adult Detention Center

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Some of the claims made in this complaint were covered in the grievances while the Plaintiff was in the custody of the Jackson County Juvenile Detention Center - excessive isolation in cell and denial of all required programming and services.  The grievance procedure is not designed to be fair to the juvenile in custody; filed grievances but was retaliated against by staff and no action was taken to stop the abuse.  Plaintiff was subjected to more abuse and harassment when he filed grievances so he stopped filing them.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Two grievances were filed by minor Plaintiff in the Youth Detention Facility in 2022.

I was a minor child and my mother filed numerous complaints with the Youth Court Administrator, the Youth Services Counselor, and various other agencies. All of the people and agencies were indifferent and ignored her complaints.

2.    What did you claim in your grievance?

I complained about being unconstitutionally and unlawfully isolated in my cell for 23 hours a day and being denied all programs and services, especially education.

3.    What was the result, if any?

My grievances were never fairly resolved and the Youth Detention Facility Staff retaliated against me. They did not change the conditions of my confinement even though it was unconstitutional and unlawful. It made things worse. The same people complained about are the ones who read and make determinations for the grievances. The guards mocked me, made comments about my mom, and simulated shaking papers mocking my mom's complaints. Basic due process and generally accepted professional standards for juvenile facilities require a grievance process that affords youth *Confidentiality, protects them from retaliation by staff + offers a level of review for appeals, but Jackson County does not comply with these standards.*

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

None - the Youth Detention Facility staff were retaliating against me for the grievances that I did file. They don't care and they do not follow due process or the legally prescribed processes or laws.

When my mother made complaints about the abuse, they would not let me speak privately with my mother on the phone – all phone calls were put on speaker phone with officers listening to our conversations.

*Following the complaints, Ms. Ballard + Max were greeted at the next hearing by multiple Staff from various agencies. Youth Court hearings are confidential and attendance is very limited - in previous hearings only the prosecutor + court staff were present. After Ms. Ballard made complaints, at least 5 other people from various agencies were present. This appeared to be an intimidation tactic + further retaliation for Ballard filing complaints.*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

I did not file a grievance at the Jackson County Adult Detention Center as I am unaware of any grievance procedure for that facility.  In addition, I learned through the process at the Youth Detention Center that no one in Jackson County cares about  the rights of prisoners and nothing is done if you do file a grievance except that you will be retaliated against and treated even worse than before if that's even possible given the conditions of confinement at these facilities.

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I was a 16 year old kid and had no way to communicate with anyone outside the facility.
My mother, Ms. Ballard, informed numerous county and state officials and all her complaints and requests for assistance were rebuffed or ignored.
My attorney refused to address the issues.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Plaintiff was a minor child and unable to contact anyone outside the facility.  Plaintiff's mother contacted numerous persons and agencies to report abuse and ask for help but all her efforts were ignored or rebuffed.  Plaintiff's mother can provide evidence to the court.  Plaintiff does not have copies of grievances as these were retained by the facility.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐  Yes

☑  No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    4-14-26        X

X Signature of Plaintiff        _Max Ste. Marie_

Printed Name of Plaintiff    Max Parker Ste. Marie        Mailing Address

Prison Identification #    DOC#258802  Housing Unit: Zone C Bed 31        is:

Prison Address    George/Greene County Correctional Facility    4506 Marlena St.
                                                                Unit 17

Lucedale            MS        39452    Bossier City,
        *City*            *State*        *Zip Code*    LA 71111

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney        _____

Printed Name of Attorney    _____

Bar Number            _____

Name of Law Firm        _____

Address            _____

                    _____
            *City*            *State*        *Zip Code*

Telephone Number        _____

E-mail Address        _____

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

### Pro Se Complaint for Violation of Civil Rights (Prisoner)
### (Attachment to the Form)

**Plaintiff:** Max Ste. Marie

VS.

**Defendants:**
Jackson County, Mississippi
Randy Bosarge
Sheriff John Ledbetter
Jamie Peoples
Ashley Thompson
Bryan Cooper (Mississippi Security Police)
Randy Nyguard (Mississippi Security Police)
Justin Quinnelly
William Barrett

### I.  The Parties to this complaint

### A.  The Plaintiff(s)

Max Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Physical Address: 154 Industrial Park Road, Lucedale, MS 39452
Mailing Address: 4506 Marlena St. Unit 17, Bossier City, LA71111

### B.  The Defendants

Jackson County MS
Board of Supervisors - Randy Bosarge
Sheriff's Office – Sheriff John Ledbetter
Pascagoula, MS 39567
Individual and Official Capacity

Jamie Peoples (Youth Court Administrator)
Jackson County Youth Court
4903 Telephone Road
Pascagoula, MS 39567-1823
Official and Individual Capacity

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

Ashley Thompson (Youth Services Counselor)
Mississippi Department of Human Services
Department of Youth Services
4903 Telephone Road
Pascagoula, MS 39567-1823
Official and Individual Capacity


Mississippi Security Police (MSP)
Bryan Cooper (MSP Vice President) (Official and Individual Capacity)
Randy Nyguard (MSP Contract Youth Detention Facility Director) (Official and Individual Capacity)
3003 Pascagoula Street
Pascagoula, Mississippi 39567


Sergeant Justin Quinnelly
Jackson County Sheriff's Office
3104 Magnolia Street
Pascagoula, Mississippi 39567
(Official and Individual Capacity)


William Barrett, Assistant District Attorney
Jackson County District Attorney's Office
3104 Magnolia Street
Pascagoula, Mississippi 39567
(Official and Individual Capacity)


## II. Basis for Jurisdiction_

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 as this action arises under the Constitution and laws of the United States.

A. State and local officials (1983)

B. 1. Plaintiff alleges violations of his federally protected constitutional rights, including:

The right to be free from punitive and unconstitutional conditions of confinement, including prolonged isolation, deprivation of basic human needs, excessive force, and deliberate indifference to health and safety, as guaranteed by the Eighth Amendment to the United States Constitution.

Page 2 of 16

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

> Send mail to:
> 4506 Marlena St. Unit 17
> Bossier City, LA 71111

The right to substantive due process and equal protection under the Fourteenth Amendment to the United States Constitution, including the right to be free from punishment as a juvenile detainee and to receive constitutionally adequate care and protection while in state custody.

**MS Code § 15-1-59 applies to this case

Violations of the following federal statutes:

1. 42 U.S.C. § 1983 - government officials violated Plaintiff's civil rights under the Constitution and federal laws. It establishes a cause of action for a "civil action for deprivation of rights" when a person is deprived of their rights while acting "under color of" state law.

2. Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, prohibits Defendants from depriving children confined in juvenile detention facilities of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

3. The Juvenile Justice and Delinquency Prevention (JJDP) Act, at 34 U.S.C. §§ 11131–11133 prohibits abusive isolation and requires juvenile detention facilities to "provide for the coordination and maximum utilization of evidence-based and promising juvenile delinquency programs, programs operated by public and private agencies and organizations, and other related programs (such as education, special education, recreation, health, and welfare programs) in the State."

4. 18 U.S. Code § 5043 prohibits the use of isolation or room confinement at a juvenile facility for discipline, punishment, retaliation, or any reason other than as a temporary response to a juvenile's behavior.

5. Section 591 of the Public Health Service Act (42 U.S.C. 290ii). In accordance with 42 U.S.C 290ii, every person has the right to be free from physical or mental abuse, corporal punishment, and any restraints or involuntary seclusions imposed for purposes of discipline or convenience.

6. 34 CFR Part 110 states that "No person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

7. 18 U.S. Code § 5039 requires that every juvenile who has been committed to detention shall be provided with adequate food, heat, light, sanitary facilities, bedding, clothing, recreation, counseling, education, training, and medical care including necessary psychiatric, psychological, or other care and treatment.

8. 42 U.S.C. § 1985 - Conspiracy - all of the named defendants who are government actors acting under color of law conspired to deprive Plaintiff of his Constitutionally protected rights.

** *Miss Code 15-1-59* Page 3 of 26

"Minors Saving Clause" applies to this case.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

**C.** N/A

**D.** Section 1983, " under color of state law".

Defendants' actions occurred in their official and personal capacities and during their official duties. Defendants were aware of the dangers and willfully acted with gross negligence, malice, and deliberate indifference. Plaintiff has suffered significant injuries with lifelong impacts.

## Jackson County and County Officials

Jackson County, Mississippi is a political subdivision of the State of Mississippi responsible for the operation and management of the Jackson County Youth Detention Facility (JCYDF) and Jackson County Adult Detention Facility (JCADC). Jackson County receives federal funds under the Juvenile Justice and Delinquency Prevention Act's Formula Grants Program and is required to comply with all federal laws and Department of Justice Office of Juvenile Justice and Delinquency Prevention ("OJJDP") requirements and priorities.

Jackson County Board of Supervisors ("JCBoS") is the governing body of Jackson County, responsible for oversight of county operations including detention facilities. The JCBoS contracts with Mississippi Security Police, Inc. for management of the JCYDF.

Randy Bosarge is sued in his official capacity as a member of the Jackson County Board of Supervisors and as the signatory for JCBoS on the contract with Mississippi Security Police to manage the JCYDF. Defendant Bosarge is also sued in his individual capacity for his personal involvement in the constitutional violations described herein. At all relevant times, Defendant Bosarge knew or should have known of the unconstitutional conditions and practices at JCYDF but demonstrated willful negligence and reckless indifference. At all relevant times, Defendant Bosarge acted under color of state law.

## Mississippi Security Police, Inc. and Its Employees

Mississippi Security Police, Inc. ("MSP") is a private corporation contracted by Jackson County to manage and operate the JCYDF. MSP and its employees are required to comply with all state and federal legal requirements for the operation of juvenile detention facilities. MSP acts on behalf of Jackson County in operating the JCYDF and is a state actor for purposes of 42 U.S.C. § 1983.

Bryan Cooper is sued in his official and individual capacities as an employee (Vice President) of MSP who oversees daily operations of the JCYDF and is responsible for direct supervision and conduct of JCYDF guards and other personnel. At all relevant times, Defendant Cooper conspired with other Defendants to deprive Max of his constitutional rights and acted under color of state law.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

Randy Nyguard is sued in his official and individual capacities as an employee of MSP and Director of the JCYDF. Defendant Nyguard oversees daily operations of the JCYDF, is responsible for direct supervision and conduct of JCYDF guards and other personnel. At all relevant times, Defendant Nyguard conspired with other Defendants to deprive Max of his constitutional rights and acted under color of state law.

**Jackson County Sheriff's Office**

Jackson County Sheriff's Office and Sheriff John Ledbetter are responsible for the management and operation of the JCADC and are obligated to operate the detention center in a manner that does not infringe upon the federal rights of children confined there. At all relevant times, Defendant Ledbetter knew or should have known of the unconstitutional conditions and practices at JCADC but demonstrated willful negligence and reckless indifference. At all relevant times, Defendant Ledbetter acted under color of state law.

Sergeant Justin Quinnelly is sued in his official and individual capacities as an employee with the Jackson County Sheriff's Office. Defendant Quinnelly was directly involved in Plaintiff's detainment and conspired with the prosecutor to unlawfully disclose Plaintiff's confidential juvenile records in violation of Mississippi law and the Fourteenth Amendment. At all relevant times, Defendant Quinnelly acted under color of state law.

**Youth Court Personnel**

Jamie Peoples is sued in her official and individual capacities as Jackson County Youth Court Administrator. Defendant Peoples was responsible for oversight of services provided to youth in Jackson County's custody, failed to report abuse as required by Mississippi law, and personally denied Max access to required educational and medical services. Defendant Peoples made disparaging comments about Max to his mother and retaliated against Max when his mother complained about constitutional violations. At all relevant times, Defendant Peoples acted under color of state law.

Ashley Thompson is sued in her official and individual capacities as a Department of Youth Services ("DYS") Counselor assigned to Max's case. Defendant Thompson failed to provide required case management services, failed to report abuse as required by Mississippi law, provided false testimony to the Youth Court, and conspired with prosecutors to recommend the harshest punishments rather than rehabilitation. Defendant Thompson failed to visit Max on a weekly basis as required and made false statements in testimony under oath and in a written Social Summary presented to the court. At all relevant times, Defendant Thompson acted under color of state law.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

```
Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111
```

**Prosecutor**

ADA William Barrett is sued in his individual capacity for actions taken outside the scope of his prosecutorial immunity. Defendant Barrett conspired with law enforcement to unlawfully disclose Plaintiff's confidential juvenile records in violation of Mississippi law and the Fourteenth Amendment. These actions were investigative and administrative in nature, not prosecutorial, and are not entitled to prosecutorial immunity.

## IV. Statement of Claim

**E.** What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Max is a young adult who was a minor during the events described in this Complaint. Max was 16 years old when he was first detained at JCYDF in July 2022, and 17 years old during his second detention beginning in August 2023.

## FACTUAL ALLEGATIONS

## A. BACKGROUND: THE JUVENILE JUSTICE SYSTEM'S PROMISE OF REHABILITATION

Since its inception, the juvenile justice system has promised treatment over punishment, and rehabilitation over retribution. The Mississippi juvenile justice system is no exception.

The Mississippi youth delinquency statute's statement of purpose provides that "each child coming within the jurisdiction of the youth court ... become a responsible, accountable and productive citizen, and that each such child shall receive such care, guidance and control, preferably in such child's own home as is conducive toward that end and is in the state's and the child's best interest." Miss. Code Ann. § 43-21-103.

The most basic of the fundamental civil rights guaranteed to all people in state custody is the right to safety—a right that is conferred to juveniles in state custody because of their unique legal status as wards of the state.

The right to safety is grounded in the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. It imposes a corresponding affirmative duty on the state to protect those in its custody from harm.

In the child welfare and juvenile justice contexts, this right is called the "substantive due process liberty interest in safety," or the "right to safety" for short. Based upon published court decisions, it is now well settled that a juvenile has a legally enforceable right to safety while in the custody of the state.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

This right includes, among other things, the right to protection against threats to a young person's physical, mental, and emotional well-being, and the right to services to prevent harm.

The U.S. Supreme Court has long recognized that youth should be treated differently than adults, including 16 and 17 year olds, and that they benefit far more from therapeutic services and rehabilitation rather than incarceration. From 2005-2012, the Supreme Court issued four successive opinions affirming the principle that youth are different from adults and should be treated differently.

## DEFENDANTS' POLICIES AND PRACTICES

In August 2022, an officer at JCYDF confirmed to Ms. Ballard that the facility has a policy of isolating juveniles, stating: "it's not solitary, it's 23/1 and that's just the policy."

Mississippi Security Police has a documented history of constitutional violations. In 2009, under MSP's management, Harrison County Juvenile Detention Center was placed under a Consent Decree for abuse, neglect, and violation of children's constitutional rights. Similarly, Juvenile Detention Facilities in Forrest County in 2011, and Lauderdale County in 2009, were also placed under Consent Decrees. In 2015 and 2016, the U.S Department of Justice won judgments against Leflore and Hinds Counties respectively (see United States v Leflore County, Mississippi (2015) and United States v Hinds County (2016)) for abuse and excessive use of isolation. Both settlements explicitly prohibited disciplinary and punitive isolation.

Despite this history and clear legal precedent, Defendants continued these same practices at JCYDF.

### Recognized Harms Of Juvenile Solitary Confinement

The National Commission on Correctional Health Care, the American Medical Association, the American Academy of Child and Adolescent Psychiatry, the World Health Organization, and the United Nations all recognize that solitary confinement is particularly harmful to juveniles' psychological well-being and cognitive development.

The U.N. Special Rapporteur on Torture's 2015 report condemned solitary confinement of children for any duration, calling it torture. Long-term solitary confinement constitutes psychological torture prohibited by international law.

## MAX'S EXPERIENCE AT JACKSON COUNTY FACILITIES

First Detention: July 2022 - November 2022

On July 21, 2022, 16-year-old Max was detained at JCYDF with only one previous minor contact with the Youth Court System.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

## Conditions of Confinement

Max was immediately placed in solitary confinement in a 7x7 foot concrete cell containing only a bed, toilet, and sink.

From July 21-31, 2022, Max was isolated in his cell for 23 hours daily. From August 1-9, he was isolated 18-20 hours daily. From August 10-September 24, he was isolated 20-23 hours daily. From September 25 until his November 22 transfer to Oakley Youth Development Center, he was isolated ~23 hours daily—approximately 122 consecutive days total in complete isolation in his cell.

Max had to sit on the toilet to eat meals. He had no meaningful human interaction, no education, no programming, no recreation, no music, no television, and very limited reading material. He was not allowed personal belongings, educational materials, computers, games, or writing utensils.

Max was sometimes isolated in his cell for 48-72 consecutive hours before being allowed out for one hour.

During his one or two hours out of cell, Max had to use that time for showering and phone calls, leaving no time for other activities.

Max told his mother he talked to himself and "felt like a dog that they take out for a walk once a day."

## Sleep Deprivation as Torture

For 30 consecutive nights, guards left lights on in Max's cell all night as punishment. Max repeatedly asked officers to turn off the lights so he could sleep, but they laughed and refused.

Sleep deprivation and prolonged solitary confinement are recognized forms of psychological torture.

## Denial of Medical Care

Max had a hand injury and he saw a medical doctor who ordered orthopedic care within 7 days for treatment for his hand injury.

Defendants refused to allow the orthopedic visit. Jamie Peoples stated it was not an emergency, could be handled when Max got home or at Oakley Youth Development Center (OYDC), and that "the judge said Max was not allowed to receive the medically prescribed physical therapy for his hand."

Max never received the required orthopedic care or physical therapy.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

## Racial Discrimination and Harassment

Other juveniles harassed Max with racial slurs calling him "White Boy" and "Fish Belly." Guards also used racial slurs referring to Max as "White Boy."

Max requested to be moved to a different section of the facility due to the severity of the harassment. Defendants took no action to stop it.

## Denial of Visitation

During his entire 122-day detention in 2022, Max was not allowed any family visitation.

## Denial of Educational Services

Defendants refused to provide mandatory educational services to Max.

On August 24, 2022, Jamie Peoples told Max's mother that Max was not entitled to educational services because of his age and GED status.

On August 25, 2022, Danny Rochelle with the Mississippi Department of Education confirmed in an email that Max was entitled to educational services. Defendants still refused to provide the required educational services.

Mississippi law requires youth in detention to receive minimum five hours of educational instruction each weekday. Miss. Code Ann. § 37-13-91(1)(d). Federal law prohibits age discrimination in federally funded programs. 34 C.F.R. § 110.

## Improper Use of Restraints

When removed from his cell, Max was placed in handcuffs or belly chains and leg shackles without physician authorization.

Max was forced to wear an orange jumpsuit and full restraints during all Youth Court appearances.

Federal law requires restraints only when necessary for safety and only with written physician order that specifies the duration and circumstances under which the restraints are to be used. (JJDP Act and 42 U.S.C. § 290ii) JCYDF never had any such orders.

## Mental Health Deterioration

Max entered custody with two mental health diagnoses. His mother obtained his medical records after his release and the medical records showed his diagnoses had increased to five, including Post-Traumatic Stress Disorders, dissociation, and memory blocks resulting from Defendants' abusive practices.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

Max suffered anxiety, depression, post-traumatic symptoms, anger, worsening behavior, insomnia, stomach-aches, and migraine headaches. He experienced sadness, hopelessness, and restlessness.

Defendants refused to provide legally required counseling, anger management, group therapy, or any recreational, rehabilitative, or therapeutic services.

When Ms. Ballard complained, Defendants retaliated against Max with taunts, additional punishments, and continued denying services.

When Ms. Ballard reported Max was talking to himself, Peoples responded: "I don't know who told you that but he will see a doctor when and if needed." She claimed she wasn't responsible if the contracted mental health providers didn't show up and provide care as required in the contract.

## Failure to Provide Case Management and Legally Mandated Services and Care

Ashley Thompson has a duty to ensure the wellbeing and care of all children in state custody; yet she failed to provide legally mandated case management, coordinate mental health services, or ensure Max received education, therapeutic services, or recreation.  Thompson knew about the excessive isolation and abuse, yet she failed to intervene or report it.

Thompson was legally required to visit Max weekly. During 5 months of isolation, she visited only 5-6 times instead of the required 20+. Max had to request visits 2+ times before she would visit.

## Denial of Access to Facility Policies

On August 18, 2022, Max's mother, Ms. Ballard, requested JCYDF policies and procedures from Thompson, who referred her to Peoples and Nygaurd.

On August 24, 2022, Peoples claimed MSP policies are proprietary and cannot be provided to anyone.

When Ms. Ballard went to MSP's office, Cooper laughed in her face and stated she would have to sue MSP in order to see the policies.

Mississippi law requires policies be provided to parents and juveniles. Miss. Code Ann. §§ 43-21-901 to 43-21-915.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

## Transfer to Oakley Youth Development Center

Given Max's minimal youth court history, placing him at OYDC violated OJJDP and JJDP Act requirements that youth receive rehabilitative services and opportunity to rehabilitate before institutional placement.

Defendants refused rehabilitation services and conspired to place Max at OYDC. Max was transferred to OYDC on November 22, 2022.

In May 2002, the U.S. Department of Justice launched an investigation into the OYDC for violating youths' civil rights with "staff violence and abusive institutional practices, unreasonable use of isolation and restraints, and inadequate medical, mental health and educational services."

In 2005, the DOJ and the state of Mississippi entered into a settlement agreement to implement significant reforms. https://www.justice.gov/crt/memorandum-agreement-between-us-and-state-mississippi

The agreement included the appointment of independent monitors to oversee the implementation of the reforms. The case was closed in 2014, however, Max was provided no educational services by the OYDC and he was subjected to punitive isolation.

## Second Detention: August 2023 - October 2023

Max reoffended in August 2023—a foreseeable result of Defendants' abuse during his first detention, as OJJDP statistics confirm incarcerated youth commonly reoffend.

Upon arrival at JCYDF in August 2023, 17-year-old Max was immediately isolated in his cell for 23 hours daily for 28 consecutive days (August 31-September 27). No programs or services were provided to Max.

Max, an indigent child, was denied a Public Defender by the Youth Court. His mother was threatened with fines or incarceration if she didn't retain an attorney who could work in "both Youth and Circuit Courts."

When an attorney was retained, he was denied access to some of Max's juvenile records. Those same records were utilized by the Youth Court in subsequent Youth Court actions.

## Denial of Medical Care

Max was entitled to mental health evaluation, continuity of medical care, and rehabilitative services, which were systemically denied.

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

Max was prescribed by the state and actively taking five psychotropic and neurological medications at the time of the alleged offense. This medical status made his mental condition a "significant factor" relevant to culpability, competency, transfer, plea validity, and sentencing mitigation.

The State was constitutionally required...**to provide a competent psychiatric evaluation and expert assistance to the indigent child.**

1. False Information Concealed Status: The Department of Youth Services Social Summary falsely stated that Max was taking "no medication." This false information concealed his mental health status and prevented the Youth Court and the Circuit Court from performing the mandatory analysis at every stage.

2. Required Evaluation Denied: Despite clear indicators of a complex mental health condition, no psychiatric or psychological evaluation was performed in Youth Court or Circuit Court. (The evaluation included in the Social Summary was not current – it was conducted more than a year earlier.)

## Restricted Visitation in 2023

Max was allowed visitation in 2023, but no contact visitation. He was categorically denied contact visits without any hearing or security justification.

Guards monitored all visits. Max and visitors sat across a metal table, could not touch, and had no privacy. Siblings under 18 could not visit.

## Failure to Report Abuse

In 2022 and 2023, Ms. Ballard repeatedly reported abuse and constitutional violations to Peoples and Thompson via email.

Neither provided assistance or intervention, nor did they report the abuse as required by Miss. Code Ann. § 43-21-353(1), which mandates immediate reporting to the Department of Human Services of any suspected child abuse or neglect.

## False Statements to Youth Court

On September 27, 2023, Thompson submitted a Social Summary to justify transfer to adult criminal system. It contained false and misleading statements with key sections left blank.

Transfer Based on False and Inaccurate Information - The Youth Court transfer decision relied upon a Department of Youth Services Social Summary that contained material factual inaccuracies and omissions:

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

1. False Statement on Medications: The summary falsely stated that Petitioner was taking "no medication," concealing his prescription of five psychotropic drugs and preventing an accurate assessment of his mental health (Ground Seven).

2. Exaggerated History: The report contained exaggerated and false claims regarding Petitioner's prior detention placements, wrongfully inflating his history.

3. Failure to include required family history: The summary failed to include a complete family history, despite statutory requirements to do so. This omission was critical because the Youth Court must evaluate family context when evaluating culpability and appropriate treatment.

4. False statement on available resources: The summary stated there are more resources available in the adult system than in the juvenile system. Under oath, the DYS counselor admitted she had never confirmed this information and had simply "Googled it." The adult system has almost no resources other than incarceration in adult prisons.

5. Mental health evaluation was not up to date: The summary referenced a mental health evaluation that was conducted more than a year earlier. This was deliberate misrepresentation and concealed the fact that a new mental health evaluation was not conducted which is a statutory requirement.

6. Untimely Disclosure: Defense counsel received the Social Summary only minutes before the transfer hearing, which prevented any meaningful opportunity to review, investigate, or rebut the document's inaccuracies, in direct violation of the due process requirements established by Kent v. United States.

Thompson conspired with prosecutors for harshest punishments instead of recommending community rehabilitation programs like Home of Grace, City of Refuge, or Teen Challenge, despite OJJDP emphasis and JJDP Act requirements for community and faith-based rehabilitation over incarceration.

**Disproportionate And Inconsistent Transfer Relative to Similarly Situated Juveniles**

According to the Mississippi Department of Youth Services 2023 Annual Report and Jackson County Youth Court public records:

- 455 Youth Court cases occurred in 2023 in Jackson County

- Including 80 burglary cases, 31 weapons offenses, and 27 grand larceny cases

- Only two (2) juveniles were transferred to Circuit Court in the entire year (0.4% transfer rate)

Max's case was one of the only transfers despite no significant juvenile history.

**Page 13 of 16**

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

## Unlawful Disparity Of Treatment

Max was transferred to Circuit Court and received a 20-year prison sentence, while the other juvenile who participated in the same conduct remained in Youth Court and received a juvenile disposition. This extreme disparity in outcome for co-participants in the same incident, absent a lawful and rational distinction, violates the principles of Equal Protection and confirms the disproportionality of the adult sentence for Max and probation for the co-participant.

## Jackson County Adult Detention Center

On September 27, 2023, 17-year-old Max was transported to JCADC, placed in the juvenile section, and isolated 22 hours daily for 33 consecutive days (Sept. 27-Oct. 29). No programs or services were provided.

Max turned 18 on October 29 and was transferred to the adult section.

JCADC failed to provide required medical, mental health, educational, and programming services mandated for juveniles.

JCADC has a blanket no in-person visitation policy. Max was allowed NO family visitation at JCADC.

## Abrupt and Dangerous Cessation of Medication

When Max was transferred from the juvenile facility to the adult detention center, his multiple (5) psychotropic medications were abruptly discontinued without medical review, supervision, or transfer of medical records.

1.  Deliberate Indifference: Abrupt cessation of mood stabilizers, antipsychotics, and antidepressants is medically dangerous, causes severe neurological and emotional withdrawal, and constitutes deliberate indifference to serious medical needs.

2.  Impaired Capacity: The abrupt withdrawal impaired Max's emotional stability and cognitive capacity, directly undermining his ability to assist counsel and fully comprehend the subsequent plea proceedings.

## Failure to Provide Mandated 504 Disability Accommodations

Max had a documented Section 504 disability accommodation plan through Mississippi Gulf Coast Community College (MGCCC) at the time of detention and prosecution.

1. Federal Mandate Ignored by both facilities: Under federal law (Section 504 of the Rehabilitation Act and the Americans with Disabilities Act), minors with documented disabilities

**Page 14 of 16**

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

are entitled to educational access, appropriate accommodations, and instructional modifications, even while detained.

2. Systemic Denial: Neither the juvenile facility, the adult jail, nor the Youth Court or Circuit Court officials:

• Contacted MGCCC to obtain the 504 plan.

• Implemented any disability accommodations.

• Evaluated how disability status affected culpability, comprehension of the proceedings, or capacity to enter a plea.

### Unlawful Disclosure of Confidential Juvenile Records and Inadmissable Evidence

Quinnelly and Barrett conspired to violate Max's Fourteenth Amendment due process by publicly disclosing records from the Jackson County Law Enforcement Database regarding Max to the Circuit Court on November 8, 2023. All records involved conduct when Max was a minor.

Miss. Code Ann. § 43-21-255, 43-21-261, § 43-21-267 classify Youth Court records as confidential and prohibit unauthorized disclosures, including law enforcement records involving children. Violators face fines up to $1,000 or imprisonment up to one year. Neither Quinnelly nor Barrett had an order from the Youth Court authorizing disclosure of the records.

Quinnelly testified that he personally searched the law enforcement database for all records pertaining to Max..

In February 2024 Grand Jury proceedings, Quinnelly and Barrett provided testimony and printed copies of Max's confidential juvenile database records to the Grand Jury—discovered when Defense received Discovery documents.

Evidence used in the Youth Court hearings was also submitted to the grand jury. Miss. Code Ann. § 43-21-203 states evidence presented in youth court "shall not be admissible against the child in any case or proceeding in any court other than a youth court."

Both are law enforcement officers who conspired to unlawfully disclose confidential juvenile records and to use unlawful means to prejudice the judge and jury.

---

Max Parker Ste. Marie
ID Number: DOC 258802
Housing Unit: Zone C Bed 31
Current Institution: George/Green County Correctional Facility
Address: 154 Industrial Park Road, Lucedale, MS 39452

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111

I do not have copies of documents, but additional information and documentation can be provided by my mother, Ms. Kendra Ballard, as she has maintained copies of all documentation and email communications and had numerous personal interactions with defendants.

Pursuant to Miss. Code Ann. § 11-53-17, Petitioner is a pauper currently incarcerated at the George/Greene County Correctional Facility and, because of his poverty, is unable to pay the costs of this action or give security for the same. Petitioner has attached his sworn affidavit in support of this request.

Under penalty of perjury, I hereby declare and affirm that the above stated facts, to the best of my knowledge, are true and correct.

DATED this __14__ day of __April__ , 2026

_Max Ste. Marie_

Max Parker Ste. Marie

Send mail to:
4506 Marlena St. Unit 17
Bossier City, LA 71111